# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Holly Zuniga-Griffin, as mother of OOY, | |
| Plaintiff, | |
| v. | Case No. 17-CIV-056-RAW |
| State of Oklahoma, | |
| Defendant. | |

## OPINION AND ORDER

Before the court is the Petition for Writ of Habeas Corpus Under 28 USC § 2241. Plaintiff, OOY, a minor child, requests the "immediate return to the care and custody of his biological mother," and the dismissal of an alleged deprived child petition filed in Muskogee County District Court [Docket No. 2, Page 8]. The petition is signed by Plaintiff's biological mother, Holly Zuniga-Griffin.

The court construes Plaintiff's allegations liberally as Plaintiff is *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, the court notes that the biological mother cannot represent OOY in this action. Pursuant to Fed.R.Civ.P. 17(c), "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

Plaintiff's petition is a list of accusations against the Defendant. Plaintiff's arguments involve the "wrongful detainment" of OOY, the minor child who is currently in temporary custody of DHS. Plaintiff's arguments are "completely lacking in legal merit

1

and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

**Petition for Writ of Habeas Corpus
Under 28 U.S.C. § 2241**

Plaintiff has filed the claims as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. This statute generally states that such actions pertain to a "prisoner" who is in custody under the authority of the United States, or is in custody in violation of the Constitution or laws or treaties of the United States. The United States Supreme Court previously decided the question of whether federal habeas corpus jurisdiction may be invoked to challenge a state taking custody of minor children:

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375, 39 S.Ct. 315, 63 L.Ed. 654 (1919); *In re Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 1500 (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352, 86 S.Ct. 500, 507, 16 L.Ed.2d 404 (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions-challenges based on alleged constitutional defects collateral to the actual custody decision-would be an unprecedented expansion of the jurisdiction of the lower federal courts.

*Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511–12, 102 S. Ct. 3231, 3237–38, 73 L. Ed. 2d 928 (1982). *See also, Anderson v. State of Colorado,* 793 F.2d 262, 263 (10th Cir. 1986) ("Mr. Anderson may not use federal habeas corpus as a vehicle to undo the custody decision of the Colorado court.")

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an action that fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The court does not take lightly its decision in this matter. The allegations listed in the petition, however, do not create a claim upon which this lawsuit can proceed.

The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. The court finds that amendment in this matter would be futile. This matter is dismissed for lack of subject matter jurisdiction. Additionally, the Clerk of the Court is directed to refund the $5.00 filing fee to Plaintiff.

Dated this 9th day of March, 2017.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**